UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-430 DRL-MGG

J. OVERHOLSER *et al.*,

Defendants.

OPINION AND ORDER

Mr. Emmanuel A. Winters, a prisoner without a lawyer, filed a complaint against Wexford Health Sources, Inc. and two of its employees alleging he was denied proper mental health treatment and medication while incarcerated at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Winters alleges that he suffers from mental health issues that were exacerbated by segregated housing for three months and a lack of medication. On February 22, 2019, Mr. Winters was assigned to a Restrictive Status Housing Unit (RHU) at the Miami Correctional Facility for 120 days. ECF 1-1 at 11. On March 25, 2019, Mr. Winters informed J. Overholser, a Wexford mental health psychologist, that he needed medication and therapy because he was feeling mentally unstable from his placement in RHU. He pointed out that his mental health code was a "C," which made isolation problematic and worsening depression likely. Mr. Winters says he explained to the psychologist that he had stopped taking his prescribed Zoloft; and, though he had requested a change

of medication from the mental health department because he "didn't like the side effects," he had not received a response. ECF 1 at 3. He asked Ms. Overholser if she would "please put in a referral to get me released from segregation early since they are unable to provide me with my medication to handle me being in my cell 23 hours a day." *Id.* Ms. Overholser reportedly denied that request and did not provide Mr. Winters with therapy or assist him with receiving medication, so Mr. Winters filed a grievance. An appeal of that grievance was denied on May 16, 2019:

> You saw a psychiatric prescriber on 4/10/2019 and were advised that the reason the medication was discontinued was because you were not taking it. The prescriber agreed to allow you to try taking Celexa 20 mg and you have been transferred from RHU to a mental health unit so the relief you were seeking has already been provided.

ECF 1-1 at 1.

Mr. Winters admits that he has been transferred to and currently resides within the mental health unit at the New Castle Correctional Facility. ECF 1 at 4. It is unclear when Mr. Winters began taking the new prescribed medication, but he refers to the lack of medication in the past tense, suggesting that this issue has been addressed. *Id.*

In any event, Mr. Winters alleges that Ms. Overholser's failure to provide him with proper medical treatment while at the Miami Correctional Facility caused him to suffer unnecessarily from his depression. Namely, he alleges that he attempted to commit suicide and did not eat for a week because he "wasn't getting my medication." *Id.* Currently—due mainly to his placement in segregation at the New Castle Correctional Facility—he alleges that he continues to suffer from emotional distress, anxiety, a lack of sleep, self-criticism, and a general feeling of malaise. *Id.* He does not, however, provide details about his current medical care or providers. Mr. Winters seeks only monetary damages against Wexford, Ms. Overholser, and Director of Nursing L. Ivers (also employed by Wexford).

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the

2

defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Mr. Winters has stated a claim against Ms. Overholser under the Eighth Amendment. He alleges that she knew of his worsening depression as early as March 25, 2019, but failed to provide him with adequate mental health therapy or assist him with receiving psychotropic medication while he was in segregation, thereby causing him to attempt suicide and refuse to eat for a period of time. Although the details in his compliant are sparse, particularly on timing, liberally construed the complaint plausibly suggests that she was deliberately indifferent to serious medical needs.

Mr. Winters has also sued Wexford. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory," however. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Mr. Winters does not identify any policy or practice maintained by Wexford that resulted in his injuries, so he has not stated a claim against Wexford.

Mr. Winters names Director Ivers as a defendant in the caption, but he does not mention her in the body of his complaint. There is no general *respondeat superior* liability under 42 U.S.C. § 1983.

3

*Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Mr. Winters has not articulated a basis for suing Director Ivers, he has not stated a claim against her.

For these reasons, the court:

(1) GRANTS Emmanuel A. Winters leave to proceed on his Eighth Amendment claim of deliberate indifference for money damages against J. Overholser in her individual capacity for allegedly failing to provide him with mental health therapy or assist him with receiving psychotropic medication from March 25, 2019, until he was transferred to the New Castle Correctional Facility;

(2) DISMISSES Wexford Health Sources, Inc. and L. Ivers;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on J. Overholser at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), J. Overholser to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Emmanuel A. Winters has been granted leave to proceed in this screening order.

SO ORDERED.

August 19, 2019　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court