UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

v.                                               CAUSE NO. 3:19-CV-430-DRL-MGG

J. OVERHOLSER,

    Defendant.

OPINION & ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed an amended complaint. He didn't file a motion asking to amend though he should have done so. *See* Fed. R. Civ. P. 15(a). Because he is proceeding without a lawyer, the amended complaint will be construed as including a motion asking for leave to file it because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* Here, the proposed amendment would be futile.

Mr. Winters was granted leave to proceed on an Eighth Amendment claim of deliberate indifference for money damages against J. Overholser in her individual capacity for allegedly failing to provide him with mental health therapy or assist him with receiving psychotropic medication at the

Miami Correctional Facility (MCF) from March 25, 2019, until he was transferred to the New Castle Correctional Facility.[1] *See* ECF 7. The proposed amended complaint states the same allegations against Defendant Overholser as the original complaint—namely, that Mr. Winters, who suffers from mental health issues, informed Defendant Overholser on March 25, 2019 that he was feeling mentally unstable due to his placement in segregated housing and the fact that he had stopped taking his previously prescribed Zoloft because it was causing unwanted side effects. He asked Defendant Overholser to assist him with a medication and housing placement change, but he says she ignored his requests and did not provide him with any kind of mental health therapy or care. As a result, Mr. Winters attempted to commit suicide by setting his cell on fire, and he refused to eat for a week. Shortly after these incidents, he was seen by Dr. Daniel Rippletoe, a psychiatrist at MCF, who agreed to prescribe Celexa, a different medication for his depression.[2] Mr. Winters was then transferred to the New Castle Correctional Facility on May 8, 2019. As noted above and in the original screening order, these allegations state an Eighth Amendment claim against Defendant Overholser.

In the amended complaint, Mr. Winters also names Dr. Rippletoe as a defendant. He states that he has since learned that Dr. Rippletoe is the psychiatrist in charge of prescribing medication at MCF. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The only allegations against Dr. Rippletoe directly are that he saw Mr. Winters after his suicide attempt and agreed to change his medication. This does

---

[1] In the amended complaint, Mr. Winters states that he was transferred to the New Castle Correctional Facility on May 8, 2019. ECF 23 at 1. He was subsequently transferred to the Westville Correctional Control Unit. ECF 24 & ECF 25.

[2] Documents attached to the original complaint indicate that Mr. Winters was seen by a psychiatric prescriber—presumably Dr. Rippletoe—on April 10, 2019. ECF 1-1 at 1.

not state a claim against Dr. Rippletoe. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.") (quotation marks and brackets omitted).

As the amended complaint does not contain sufficient factual matter to state a plausible claim against Dr. Rippletoe, it would be futile to grant Mr. Winters leave to file it because it would not change the current posture of this case. As it stands, Mr. Winters is proceeding on an Eighth Amendment claim against Defendant Overholser in her individual capacity for being deliberately indifferent to his mental health needs from March 25, 2019, until he was transferred to the New Castle Correctional Facility on May 8, 2019. With the denial of the motion to amend, this case will continue based on the screening order (ECF 7) that granted Mr. Winters leave to proceed on that claim.

For these reasons, the court:

(1) CONSTRUES the amended complaint (ECF 23) as including a motion for leave to amend;

(2) DENIES the motion to amend (ECF 23); and

(3) DIRECTS the clerk to edit docket entry ECF 23 to indicate Emmanuel A. Winters was not granted leave to file an amended complaint.

SO ORDERED.

September 11, 2020                             *s/ Damon R. Leichty*
                                               Judge, United States District Court