UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

  v.                       CAUSE NO. 3:19-CV-430 DRL-MGG

J. OVERHOLSER,

    Defendant.

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, is proceeding on an Eighth Amendment claim of deliberate indifference against J. Overholser, a Wexford mental health psychologist, for allegedly failing to provide mental health therapy or assisting with receiving psychotropic medication at the Miami Correctional Facility from March 25, 2019, until he was transferred to the New Castle Correctional Facility. ECF 7 at 4. He is now seeking a temporary restraining order and preliminary injunction. ECF 74.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Winters says he has been diagnosed with a number of psychotic disorders, which include schizophrenia as well as delusional, schizophreniform, schizoaffective, brief psychotic, and substance-induced disorders. ECF 74 at 1. As a result, he meets the serious mental illness criteria set forth by the State of Indiana's Division of Medical and Clinical Healthcare Services. *Id*. Mr. Winters, who is now in segregated housing at the Westville Control Unit, asserts he is not receiving appropriate mental health care contrary to state and federal law. *Id*. at 2. He claims Westville has an informal policy of keeping prisoners in the "segregation unit in order to profit from said prisoners placement to the [detriment] of all else." *Id*. Mr. Winters states that, as a result of this placement, he is experiencing a sharp decline in his mental health to the extent his life is placed in jeopardy by remaining in segregation. *Id*. Thus, he states that Ms. Overholser is responsible for providing him with the necessary mental health treatment, including, removing him from the segregation unit and placing him in a proper mental health facility. *Id*. at 2-3.

In this case, Mr. Winters has been granted leave to proceed on an Eighth Amendment claim against Ms. Overholser for allegedly failing to provide him with appropriate mental health treatment while he was housed at the Miami Correctional Facility from March 25, 2019, until he was transferred to the New Castle Correctional Facility. However, in Mr. Winters's motion for a temporary restraining order and preliminary injunction, he is alleging that he is receiving inadequate mental health care for his psychotic disorders while he has been housed at the Westville Control Unit. Because Mr. Winters has not been granted leave to proceed on claims pertaining to his confinement at the Westville Control Unit, his motion will be denied. If Mr. Winters seeks

legal recourse for his alleged claims that have arisen at Westville Control Unit, the proper course is to file another lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").

For these reasons, the motion for a temporary restraining order and preliminary injunction (ECF 74) is DENIED.

SO ORDERED.

July 27, 2021                                                       *s/ Damon R. Leichty*
                                                                    Judge, United States District Court